UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**ROBERT B. WHITNEY,**
        **Plaintiff**

**v.**                  **Civil Action No.**
                      **3:04CV541-J**

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
        **Defendant**

## MEMORANDUM OPINION

   This case presents plaintiff Robert Whitney's challenge to the decision of the Commissioner denying his claim to Disability Insurance Benefits and Supplemental Security Income payments. After examining the record as a whole, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the opinion of the Commissioner should be affirmed as supported by substantial evidence.

   The disability determination process consists of five steps. Wyatt v. Secretary, 974 F.2d 680 (6th Cir. 1992). These steps are approached sequentially, and a finding at any step that is adverse to the claimant terminates the process:

   1. The claimant must not be engaged in substantial gainful activity.

   2. The alleged disabling impairment must be "severe," meaning that it significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking. 20 CFR Section 416.921.

   3. If the claimant has a medical condition that meets or exceeds the impairments listed in

Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled. Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991).

    4. The claimant must be unable to do his or her past relevant work.

    5. If the claimant shows inability to do the past relevant work, the Commissioner must come forward with evidence to show that the claimant can still perform a significant number of jobs. Born v. Secretary, 923 F.2d 1168 (6th Cir. 1990).

Mr. Whitney filed his applications in October of 2002, alleging that he had been unable to engage in any substantial gainful employment since December of 2001. After a hearing, the Administrative Law Judge ("ALJ") determined that Mr. Whitney suffered from severe impairments which prevented him from performing any of his past relevant work, but that he retained the residual functional capacity for work that exists in significant numbers in the national economy. That is, Mr. Whitney's claim was denied at Step Five of the sequential evaluation process.

If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion. Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

The Court's review of this matter has been somewhat complicated by plaintiff's failure to comply with the Court's directive September 16, 2004 directive to "cite the Court to the specific pages of the administrative record in support of the [plaintiff's] position[s]." Nonetheless, the Court has conducted a review of the entire record prior to addressing the plaintiff's positions.

Mr. Whitney contends that substantial evidence fails to support the ALJ's conclusion that his anxiety disorder does not meet or equal the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (2000) (the "Listings"). 20 C.F.R. § 416.924 (2000). Plaintiff bears the burden of proving that he meets or equals a Listing. Burress v. Secretary, 835 F.2d 139 (6th Cir. 1987). Furthermore, in order to prove that he equals a listing, plaintiff must point to impairments that are at least equal in severity to the listing impairments with which he compares them. Dorton v. Heckler, 789 F.2d 363 (6th Cir. 1986). Listings are to be interpreted very strictly.

The Listing in issue here is 12.06, which, as relevant to Mr. Whitney, would be met by a showing of recurrent severe panic attacks (averaging once a week), plus marked difficulties in two separate functional areas. Alternatively, Mr. Whitney contends that he meets the Listing by a showing of generalized persistent anxiety (with the necessary three of four specified signs) coupled with complete inability to function outside the home. The record fails to support either approach, in that Mr. Whitney cannot show the necessary frequency of panic attacks (on average once each week), and he cannot show *complete* inability to function outside the home. For example, in October of 2002, Mr. Whitney appeared for an appointment with a consultant psychologist, who found him pleasant, cooperative, in no acute distress, and showing normal

3

mood and behavior. Tr. 110-111. He reported to his treating physician that his medication allowed him to get out in public. Tr. 124. He reported to a consultant examiner that the frequency of his heart palpitations (which he claims to be related to his anxiety) was once every two weeks. Tr. 109. He admitted to the consulting psychiatrist that he shops when no people are around, that he has some friends, and that he talks to neighbors when he is outside. Tr. 142-143. All of this evidence prevents a determination that Mr. Whitney meets a Listing.

Mr. Whitney suggests that the ALJ was bound by the opinion of treating psychiatrist Kelly Butler, M.D., who opined in April of 2004 that Mr. Whitney's Social Phobia with Agoraphobia rendered him incapable of functioning in social situations. Tr. 198. Dr. Butler assigned a Global Assessment of Functioning rating of 50-55.[1]

It has long been established that the special position occupied by a treating physician calls for his or her opinion to be accorded great weight. However, a treating physician's opinion regarding disability is not conclusive. See Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir.1986). The finding of disability is made by the Commissioner, not by a physician. 20 C.F.R. Sec. 404.1527(e)(2). Thus, that portion of Dr. Butler's report that states he is incapacitated for employment is a legal conclusion, not a medical opinion, and it invades the province of the Commissioner. Similarly, to the extent that the physician's statement merely records the patient's report, it is not entitled to special consideration. When these portions of Dr.

---

[1] According to the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition ("DSM-IV"), Axis V's "Global Assessment of Functioning" scale considers "psychological, social, and occupational functioning on a hypothetical continuum of mental health-illness." DSM-IV at 32. Scores between 51 and 60 are used to describe moderate symptoms (eg flat effect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (eg few friends, conflicts with peers or co-workers).

Butler's statement are removed, it is apparent that the opinion does not differ from the reports already of record, most of which are more fully fleshed out with specific functional evaluation, clinical tests, and/or longitudinal observation.

Thus, the GAF assigned by Dr. Butler in April of 2004 is seen to parallel that assigned by Dr. Catt in April of 2003, except that Dr. Catt further explained the assessment by noting that Mr. Whitney would be able to tolerate low levels of job-related stress, but would have difficulty in large group situations due to anxiety. Tr. 144. Similarly, just as Dr. Butler opined that medication should be used to help Mr. Whitney, Dr. Ryan's long-term experience with Mr. Whitney was that Effexor allowed Mr. Whitney to "get out in public now" (October 23, 1999), that it "works well for his social anxiety" (May 8, 2000), and that the with the medication, Mr. Whitney found his "social anxiety resolving." Tr. 123-124. Accordingly, as Dr. Butler's evaluation is in line with the other medical evidence of record, and as the other medical evidence provides clearer explanations of the conclusions, there was no error in failing to reject the other medical evidence in favor of an extreme interpretation of Dr. Butler's statements.

Mr. Whitney essentially argues that substantial evidence supports his allegations of disability. However, the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Mullen v. Bowen, 800 F.2d 535, 545 (6 th Cir.1986). Significantly, under this standard, this Court is not to resolve conflicts in evidence and may not decide questions of credibility. See Garner v. Heckler, 745 F.2d 383, 387-88 (6th Cir.1984). Regardless of whether substantial evidence would have supported a contrary conclusion, this

5

Court has a duty – absent legal error -- to affirm upon determining that substantial evidence supports the ALJ's conclusion. As the Court finds no legal error, and as there is substantial evidence to support the determination that Mr. Whitney's problems, while severe, do not prevent him from performing a significant number of jobs, the decision must be affirmed.

An order in conformity has; this day entered.